IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01735-GPG

LEONARD R. SMITH,

      Plaintiff,

v.

GEORGE WALKER BUSH, Former President of the United States of America, and
PRESIDENT BARACK OBAMA, in Office of Presidency, Present Perfect at the Office of
      the President of the United States Whitehouse,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Leonard R. Smith, has filed *pro se* a Complaint (ECF No. 1).  The court
must construe the Complaint liberally because Mr. Smith is not represented by an
attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935
F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a
*pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Smith will be ordered to file an
amended complaint if he wishes to pursue any claims in this action.

      The Complaint does not comply with the pleading requirements of Rule 8 of the
Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the
opposing parties fair notice of the basis for the claims against them so that they may
respond and to allow the court to conclude that the allegations, if proven, show that the
plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v.
American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Smith fails to provide a short and plain statement of the grounds for the court's jurisdiction.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Mr. Smith's reference to "109[th] Congress, S. 3929 & All related" (ECF No. 1 at 2) does not comply with Rule 8 because he fails to identify the specific statutory authority that allows the court to consider the claims he is asserting in this action.

Although it is clear that Mr. Smith seeks $2,000,000,000.00 as relief, he fails to provide a short and plain statement of any claims showing he is entitled to such relief.  It is not clear why Mr. Smith has filed this action against the President of the United

States and a former President of the United States, or why he believes his rights have

been violated.  In short, the Complaint makes no sense.

In order to comply with the pleading requirements of Rule 8 Mr. Smith must

present his claims clearly and concisely in a format that allows the court and

Defendants to know what claims are being asserted and to be able to respond to those

claims.  Thus, Mr. Smith must identify the specific claims he is asserting and the

statutory authority that allows the court to consider those claims, the specific facts that

support each asserted claim, and what each Defendant did that allegedly violated his

rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007) (noting that, to state a claim in federal court, "a complaint must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated").  The general rule that *pro se* pleadings must be construed liberally has limits

and "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d

955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

"It is sufficient, and indeed all that is permissible, if the complaint concisely states facts

upon which relief can be granted upon any legally sustainable basis."  *New Home*

*Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Accordingly, it is

ORDERED that Mr. Smith file, **within thirty (30) days from the date of this**

**order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Smith shall obtain the appropriate court-

approved Complaint form, along with the applicable instructions, at

www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Smith fails within the time allowed to file an

amended complaint that complies with this order, the action will be dismissed without

further notice.

DATED September 17, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge